Filed 3/3/16  P. v. Roy CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEON ED ROY,<br><br>    Defendant and Appellant. | B261523<br><br>(Los Angeles County<br>Super. Ct. No. VA133665-02) |

APPEAL from a judgment of the Superior Court of Los Angeles County. John A. Torribio, Judge.  Affirmed.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Amanda V. Lopez, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

The sole issue in this case is whether the trial court abused its discretion in concluding, after an in camera review, that there were no documents to be discovered to defendant pursuant to his motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).  Having undertaken an independent review of the in camera hearing, we find no abuse of discretion and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Deon Ed Roy (defendant) was looking through the trunk of a parked car when Los Angeles County Sheriff's Department Deputies Banuelos and Ruiz approached two men standing nearby, one of whom was overheard to have said that he "dropped [his] weed." On seeing the police officers approach, defendant closed the trunk of the car, tossed some keys on the ground, and quickly walked away stating "[t]hat's not my car."  Deputy Banuelos used the keys to open the car's trunk and found a loaded gun, a ballistic vest, 102 baggies of marijuana, a digital scale, a cell phone, and ammunition.   Defendant also had $1,912 in cash in his possession.

The People charged defendant with (1) possession of marijuana for sale (Health & Saf. Code, § 11359), (2) possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1], and (3) possession of ammunition (§ 30305, subd. (a)(1)).

Prior to trial, defendant filed a *Pitchess* motion seeking in camera review of the personnel records and citizen complaints against Deputies Banuelos and Ruiz.  The trial court granted the motion as to Deputy Banuelos only, and limited it to "false police reports, any acts of moral turpitude, fabrication."  The court conducted an in camera review and found no responsive records or complaints.

The jury convicted defendant on all counts.  The trial court sentenced him to a three-year county jail term for the marijuana possession conviction and concurrent two-year terms for the weapon and ammunition convictions.

Defendant timely appeals.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

When the trial court conducts an in camera review of potentially discoverable information from an officer's personnel files, it must "make a record of what documents it examined before ruling on the *Pitchess* motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) The ruling will be upheld absent an abuse of discretion. (*Id.* at p. 1228.) We have independently reviewed the sealed reporter's transcript of the in camera hearing in which the trial court described each document examined in some detail. We conclude that the court properly exercised its discretion in denying discovery.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN


_____, J.
CHAVEZ

3